# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | No. 09-23370 (ASD) |
| ) | NO. 09-23371 (ASD) |
| MICHAEL S. GOLDBERG, LLC ) | Jointly administered under |
| MICHAEL S. GOLDBERG ) | Case No. 09-23370 |
| ) | |
| Debtors ) | |
| ) | |
| JAMES BERMAN, CHAPTER 7 TRUSTEE FOR ) | Chapter 7 |
| MICHAEL S. GOLDBERG, LLC AND ) | |
| MICHAEL S. GOLDBERG ) | Adv. Pro. No. 10-02106 |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | |
| JAMES KAISER, MICHAEL GOLDBERG, AND ) | |
| MICHAEL S. GOLDBERG, LLC ) | |
| ) | |
| Defendant ) | September 15, 2010 |

## ANSWER AND SPECIAL DEFENSES

Defendant Irene Kaiser answers Plaintiffs' complaint as follows:

1.     Defendant lacks sufficient knowledge to respond to the allegations of paragraphs 1-23 of Plaintiff's complaint, and leaves Plaintiffs' to their proof.

2.     The allegations contained in paragraphs 24-27 assert legal conlusions that do not require an answer.

3.     Defendant lacks sufficient knowledge to respond to the allegations of paragraphs 28-30 of Plaintiff's complaint, and leaves Plaintiffs' to their proof.

4.     Defendant admits the allegations of paragraph 31-33 of Plaintiff's complaint.

5.     Defendant's responses to the allegations contained in paragraphs 1-33 are realleged as her responses to the allegations contained in paragraph 34.

6.     Defendant admits the allegations of paragraph 35 of Plaintiff's complaint.

7. Defendant admits the allegations of paragraph 36-37 of Plaintiff's complaint.

8. Defendant denies the allegations of paragraph 38 of Plaintiff's complaint.

9. Defendant lacks sufficient knowledge to respond to the allegations of paragraphs 39-40 of Plaintiffs' complaint, and leaves Plaintiffs' to their proof.

10. Defendant denies the allegations of paragraph 41 of Plaintiff's complaint.

11. Defendant's responses to the allegations contained in paragraphs 1-41 are realleged as her responses to the allegations contained in paragraph 42.

Defendant admits the allegations of paragraph 43 of Plaintiff's complaint.

12. Defendant lacks sufficient knowledge to respond to the allegations of paragraphs 44-46 of Plaintiffs' complaint, and leaves Plaintiffs' to their proof.

13. Defendant's responses to the allegations contained in paragraphs 1-46 are realleged as her responses to the allegations contained in paragraph 47.

14. Defendant lacks sufficient knowledge to respond to the allegations of paragraphs 48-54 of Plaintiffs' complaint, and leaves Plaintiffs' to their proof.

15. Defendant's responses to the allegations contained in paragraphs 1-54 are realleged as her responses to the allegations contained in paragraph 55.

16. Defendant admits the allegations of paragraph 56 of Plaintiff's complaint.

17. Defendant lacks sufficient knowledge to respond to the allegations of paragraphs 57-61 of Plaintiffs' complaint, and leaves Plaintiffs' to their proof.

18. Defendant's responses to the allegations contained in paragraphs 1-61 are realleged as her responses to the allegations contained in paragraph 62.

19. Defendant lacks sufficient knowledge to respond to the allegations of paragraphs 63-64 of Plaintiffs' complaint, and leaves Plaintiffs' to their proof.

**FIRST SPECIAL DEFENSE: VALUE AND GOOD FAITH PURSUANT TO 11 USC §548(c)(3)**

1. Defendant invested $15,000 with Defendants Michael S. Goldberg and/or Michael S. Goldberg, LLC.

2. Defendant Kaiser received the transfers from said Defendants described in Plaintiff's complaint for said value and in good faith.

3. Pursuant to §548(c)(3), Defendant has a lien on Plaintiff's prospective recovery to the extent of same $8,500, or may otherwise retain said $8,500.00.

**SECOND SPECIAL DEFENSE: VALUE AND GOOD FAITH PURSUANT TO C.G.S. §52-552i**

1. Defendant invested $15,000 with Defendants Michael S. Goldberg and/or Michael S. Goldberg, LLC.

2. Defendant Kaiser received the transfers from said Defendants described in Plaintiff's complaint for said value and in good faith.

3. Pursuant to C.G.S. §52-552(i), Defendant has a lien on Plaintiff's prospective recovery to the extent of same $15,000, or may otherwise retain said $15,000.00.

**THIRD SPECIAL DEFENSE: RECOUPMENT**

1. On or about April 12, 2005, Defendant Kaiser invested $15,000 with Defendants Michael S. Goldberg and/or Michael S. Goldberg, LLC.

2. Defendant claims recoupment against Plaintiffs to the amount of said $15,000.00.

**FOURTH SPECIAL DEFENSE:  EQUITABLE AND LEGAL SETOFF**

1. On or about April 12, 2005, Defendant Kaiser invested $15,000 with Defendants Michael S. Goldberg and/or Michael S. Goldberg, LLC.

2. Defendant claims legal and equitable setoff against Plaintiffs to the amount of said $15,000.00.

         **DEFENDANT IRENE KAISER**

BY:     _____/s/_____
      Scott M. Charmoy, Esq.  CT15889
      Charmoy & Charmoy
      1261 Post Road, P.O. Box 804
      Fairfield, CT  06824-0804
      (203) 255-8100
      scottcharmoy@charmoy.com